TFC Trenton L. Behnke Arkansas State Police #1 State Police Plaza Drive Little Rock, AR 72209
Dear Trooper Behnke:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You indicate that a request has been presented to the Arkansas State Police for the following records: All personnel files, training files, and internal affairs files pertaining to you. The requester has specified that the request includes all personal information except your home address, home phone number, and your social security number. It is my understanding that the custodian of the records has determined that all of the requested records should be released, with appropriate redactions.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
As an initial matter, I must note that I have not been provided with copies of any of the records that have been requested. I therefore cannot opine definitively concerning the releasability of any particular record, since such a definitive conclusion would require (at a minimum) a review of the records. Nevertheless, I will discuss the applicable legal principles upon the basis of which the releasability of the records must be determined.
Personnel Files
The files that the requestor has referred to as "personnel files" may contain either "personnel records," within the meaning of the FOIA, or "employee evaluation/job performance records," within the meaning of the FOIA (as well as some records that are neither). It is important to identify the correct classification of each record, because a different test governs the releasability of the two types.
1. Personnel Records
Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed below) that relate to the individual employee. See, e.g., Ops. Att'y Gen. Nos. 2003-336; 2003-055; 2002-085; 2001-154; 99-147. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA also does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998). For example, this office has taken the position that the personal details of an employee's insurance coverage and federal tax withholding information are private and should not be released. See, e.g., Op. Att'y Gen. No. 2004-167. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Accordingly, it will be necessary for each personnel record that is contained in your personnel files to be reviewed and evaluated separately under the above described legal standard to determine whether it should be released.
2. Employee Evaluation/Job Performance Records
The FOIA does not define the term "employee evaluation or job performance record," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos. 98-006; 97-222; 95-351; 94-306; 93-055. Under the FOIA's applicable standard, employee evaluation/job performance records are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
You will note that a presupposition of the above three-part test is that the employee to whom the records relate was suspended or terminated. If you have never been suspended or terminated, your employee evaluation/job performance records cannot be released. However, if you have been suspended or terminated, the records must be evaluated under the three-part test to determine their releasability.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined by the custodian of the records. Your employee evaluation/job performance records can be released only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, The Arkansas Freedom of InformationAct (m m Press, 3rd Ed., 1998) at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
In the final analysis, the question of whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
Training Files
Although I am not certain what records are contained in "training files" to which the requestor has referred, I assume that they would be records reflecting the training you have received in connection with your employment. It is my opinion that records reflecting the fact that you received such training and that you successfully completed it are releasable. However, it is my opinion that if your specific scores are reflected on these records, the scores should be redacted. This office has consistently opined that although the public has a valid interest in knowing that public employees possess a level of skill sufficient to perform their duties, information indicating specific scores is not necessary to satisfy this interest. See Ops. Att'y Gen. Nos. 2003-381; 2003-231; 2003-015; 2002-161; 2001-172; 2000-226; 2000-119; 99-016; 99-002; 97-177; 97-034; 97-033; 93-079; 89-054; Watkins, supra.
Internal Affairs Files
Although, again, I am not certain what records are contained in the requested internal affairs files, these types of files typically contain records related to an internal investigation of an employee's involvement in a particular event. This office has consistently taken the position that records in an internal affairs file that have been generated at the behest of the employer in the course of investigating a complaint against an employee constitute "employee evaluation/job performance records." Their releasability must therefore be evaluated under the three-part test discussed above. See, e.g., Op. Att'y Gen. No. 2001-063. However, records related to an internal investigation that were not created at the behest of the employer (such as an unsolicited complaint) are classified as "personnel records," and their releasability must be evaluated under the test that is applicable to that type of record, as discussed above. Id.
Constitutional Right of Privacy
It should be noted that even if particular records are not subject to any specific exemption from disclosure, some records may be appropriately withheld on the grounds that they contain information that is constitutionally protectable. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If it can be determined factually that any information contained in the requested records rises to the level of constitutional protection by meeting the three prongs of test laid out by the McCambridge court, a determination must then be made as to whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the available information. If it is determined that a privacy interest in the requested records outweighs the public's interest in them, the private information in the records should be redacted from the records before they are released.
Other Redactions
Finally, I note that the requestor has specifically excepted from his request your social security number, home address, and home telephone number. Other individual items of information contained in the records may also be exempt from disclosure under a separate exemption and should be redacted from the records before they are released. For example, medical information is exempt and should be redacted. See A.C.A. §25-19-105(b). Likewise, state income tax information is exempt and should not be released. See A.C.A. § 25-19-105(b)(1). Any other exempt items of information in the records should be identified and redacted.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General